UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN DASHO,

                Plaintiff,

        v.

CITY OF FEDERAL WAY, et al.,

                Defendants.

CASE NO. C12-1398JLR

ORDER DENYING
DEFENDANTS' *DAUBERT*
MOTION WITHOUT PREJUDICE
AND ORDERING
SUPPLEMENTAL FILINGS

     Before the court is Defendants City of Federal Way, Officer Kelly Smith, and

Officer Steven Wortman's ("Defendants") motion to exclude expert witnesses (Mot.

(Dkt. # 39)).  Defendants seek to exclude the testimony of Plaintiff Jonathan Dasho's

proposed expert witnesses Kay Sweeney and D.P. Van Blaricom.  (*See* Mot. at 1.)  The

court has reviewed Defendants' motion, all submissions filed in support of and

opposition thereto, the relevant portions of the record, and the applicable law, and finds

the current state of the record insufficient to support a fully informed decision on this

1   matter.  As such, the court DENIES Defendants' motion without prejudice and ORDERS

2   the parties to submit supplemental filings as described below.

3                                    **I.   BACKGROUND**

4          This litigation arises out of an encounter between Mr. Dasho and Officers Smith

5   and Wortman that occurred on August 19, 2009.  (*See* Wortman Decl. (Dkt. # 42) ¶ 3, Ex.

6   A ("Wortman Report") at 1; Resp. (Dkt. # 43) at 2 (citing *State v. Dasho*, 171 Wash.

7   App. 1030, *1 (Wash. Ct. App. 2012)).)  On that night, neighbors reported a disturbance

8   at Mr. Dasho's apartment.  (Resp. at 2 (citing *Dasho*, 171 Wash. App. at *1).)  Officers

9   Smith and Wortman responded to that call and demanded to be let into the apartment.

10  (*Id.*; Wortman Report at 1-2.)  Jared Dasho, Mr. Dasho's brother, let the officers into the

11  apartment where Mr. Dasho lay naked on the living room floor.  (Resp. at 2 (citing

12  *Dasho*, 171 Wash. App. at *1).)  As the officers entered the living room, Mr. Dasho

13  jumped up, ran into the kitchen, and grabbed a blunt-tipped knife out of a drawer.  (*Id.*;

14  *see* Wortman Report at 2.)  Ignoring commands from the officers to stop, Mr. Dasho

15  exited the kitchen and entered the living room at a rapid pace with the knife raised over

16  his head.  (Resp. at 2 (citing *Dasho*, 171 Wash. App. at *1); Miller Decl. (Dkt. # 40) ¶ 3,

17  Ex. A at 3.)  Each officer shot Mr. Dasho multiple times.  (*See* Wortman Report at 2;

18  Smith Decl. (Dkt. # 41) ¶ 3, Ex. A ("Smith Report") at 2; Resp. at 2 (citing *Dasho*, 171

19  Wash. App. at *1).)

20         A state court jury convicted Mr. Dasho of two counts of third degree assault.

21  *Dasho*, 171 Wash. App. at *2.  Mr. Dasho appealed, in part on the ground that the trial

22  judge should have instructed the jury on the lesser included offense of attempted assault.

ORDER- 2

1    *Id.* at *1. The Washington Court of Appeals affirmed his conviction. *Id.* In doing so, the

2    court of appeals found that the evidence at trial did not warrant a jury instruction on

3    attempted assault. *Id.* at *4-5.

4          On August 20, 2012, Mr. Dasho filed the instant action, in which he alleges that

5    Officers Smith and Wortman used excessive force against him in violation of his

6    constitutional rights. (*See generally* Compl. (Dkt. # 1).) To support this allegation, Mr.

7    Dasho proposes to call expert witnesses, including the two witnesses at issue here—Kay

8    Sweeney and D.P. Van Blaricom. (*See* Disc. of Expert Wit. (Dkt. # 32) at 3-5.) Mr.

9    Dasho offers Mr. Sweeney as an expert in forensic science (*see id.* at 4), and Mr. Van

10   Blaricom as an expert in police practices (*see id.* at 3).

11         Mr. Sweeney intends to testify that after entering the living room Mr. Dasho likely

12   did not continue moving toward the officers, as they claim he did. (*See* Disc. of Expert

13   Wit. Ex. F ("Sweeney Report") at 8.) Having examined Mr. Dasho's apartment, police

14   reports, the physical evidence from the scene, and medical records (*see* Resp. at 3;

15   Sweeney Report at 2-8), Mr. Sweeney opines that events more likely unfolded as follows:

16   Mr. Dasho made a right turn after entering the living room and ran away from the officers

17   at an angle. (Sweeney Report at 8.) Once the shooting started, Mr. Dasho turned and ran

18   back toward the kitchen. (*Id.*) The second bullet hit Mr. Dasho in the left forearm as he

19   ducked and turned. (*Id.*) Four bullets hit Mr. Dasho in the right chest, shoulder, and

20   upper arm as he moved toward the kitchen. (*Id.* at 8-9.) Before reaching the kitchen, Mr.

21   Dasho was hit in the legs, and he fell on the floor near the entrance to the kitchen. (*Id.* at

22   9.) The officers continued shooting at Mr. Dasho as he fell. (*Id.*)

ORDER- 3

1       Mr. Van Blaricom proposes to testify regarding police practices.  (*See* Disc. of

2  Expert Wit. at 3, Ex. A ("Van Blaricom Report"); Resp. at 4.)   In forming his opinions,

3  Mr. Van Blaricom has examined police reports, Mr. Sweeney's report, portions of the

4  trial testimony from Mr. Dasho's assault trial, Federal Way Police Department use of

5  force policies, and National Law Enforcement Center policies on the use of force and the

6  investigation of officer-involved shootings.  (Van Blaricom Report at 1-2.)  Mr. Dasho

7  explains that Mr. Van Blaricom will educate the jury on general principles and offer an

8  opinion in response to a hypothetical question.  (*See* Resp. at 10-12).  Defendants seek to

9  exclude the testimony of Mr. Sweeney and Mr. Van Blaricom under Federal Rule of

10  Evidence 702.  (Mot. at 1.)

## II.    ANALYSIS

12       Rule 702 of the Federal Rules of Evidence governs the admission of expert

13  testimony in federal court:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

21  Fed. R. Evid. 702.  Rule 702 requires that "'[e]xpert testimony . . . be both relevant and

22  reliable.'"  *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014)

ORDER- 4

1  (quoting *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001)).  Relevancy,

2  which is not in dispute here, "simply requires that '[t]he evidence . . . logically advance a

3  material aspect of the party's case.'"  *Id.* (quoting *Cooper v. Brown*, 510 F.3d 870, 942

4  (9th Cir. 2007)).

5       Reliability requires the court to assess "whether an expert's testimony has a

6  'reliable basis in the knowledge and experience of the relevant discipline.'"  *Id.* (quoting

7  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (citations and alterations

8  omitted)).  The Supreme Court has suggested several factors that courts can use in

9  determining reliability:  (1) whether a theory or technique can be tested; (2) whether it

10  has been subjected to peer review and publication; (3) the known or potential error rate of

11  the theory or technique; and (4) whether the theory or technique enjoys general

12  acceptance within the relevant scientific community.  *See Daubert v. Merrell Dow*

13  *Pharm., Inc.*, 509 U.S. 579, 592-94 (1993).  The reliability inquiry is flexible, however,

14  and trial judges have broad latitude to focus on the considerations relevant to a particular

15  case.  *Kumho Tire*, 526 U.S. at 150.  Ultimately, the court must rule not on the

16  correctness of the expert's conclusions but on the soundness of the methodology, *Estate*

17  *of Barabin*, 740 F.3d at 463 (citing *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)),

18  and the analytical connection between the data, the methodology, and the expert's

19  conclusions, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

20  **A.    Kay Sweeney**

21       As outlined above, Mr. Sweeney intends to testify regarding Mr. Dasho's

22  movements while Officers Smith and Wortman were shooting at him.  (*See* Sweeney

1  Report at 8-9; Resp. at 3.)  However, the record reveals little about how Mr. Sweeney

2  arrived at his conclusions.  Mr. Dasho's submissions contain no discussion of the

3  methods Mr. Sweeney used, the reliability of those methods, or the way in which Mr.

4  Sweeney applied those methods to the facts to determine Mr. Dasho's movements.

5  Indeed, Mr. Sweeney's report consists of a recitation of the physical evidence followed

6  by his conclusions, with little reasoning to explain those conclusions.  (*See generally*

7  Sweeney Report.)

8        Defendants' motion attacks Mr. Sweeney's opinions on the ground that they have

9  an insufficient factual basis and are the product of a flawed analysis.  (*See* Mot. at 10-11;

10  Reply (Dkt. # 50) at 3-5.)  However, without information on Mr. Sweeney's methods,

11  their reliability, and his application of those methods to the facts, the court cannot

12  perform the reliability inquiry mandated by Rule 702 and the case law interpreting it.

13  That is, the court cannot determine whether Mr. Sweeney has reasonably applied reliable

14  methods and Defendants simply disagree with his conclusions; or, alternatively, whether

15  his proposed testimony amounts to unreliable junk science, which should be excluded.

16  *See*  Fed. R. Evid. 702; *Joiner*, 522 U.S. at 146; *Daubert* 509  U.S. at 592-94; *Estate of*

17  *Barabin*, 740 F.3d at 463.

18        The court declines to render a decision on this inadequate record.  Moreover, there

19  is no need for the court to render a decision now.  Trial in this matter is scheduled for

20  July 20, 2015 (Sched. Ord. (Dkt. # 38) at 1); and as such, ample time remains to

21  supplement the record with respect to Mr. Sweeney.  Therefore, the court denies

22

ORDER- 6

1   Defendants' motion with respect to Mr. Sweeney, but without prejudice,[1] and orders Mr.

2   Dasho to provide a supplemental disclosure.

3        Mr. Dasho's supplemental disclosure shall detail (a) the methods Mr. Sweeney

4   used to reconstruct what occurred in Mr. Dasho's apartment, (b) why those methods are

5   reliable in performing that type of task, and (c) how Mr. Sweeney applied those methods

6   to the facts of this case.  Mr. Dasho shall file his submission by December 15, 2014.

7   Defendants will then have until January 15, 2015, to depose Mr. Sweeney.  Defendants

8   shall refile their motion to exclude by January 26, 2015, or no later than 10 days after

9   their latest deposition,[2] whichever is earliest.  If Defendants refile their motion, the

10   briefing schedule will be governed by Local Rule 7(d)(3)'s provisions related to third

11   Friday motions.  *See* Local Rules W.D. Wash. LCR 7(d)(3).  If Mr. Dasho fails to provide

12   a supplemental submission, the court will exclude Mr. Sweeney's testimony sua sponte.

13

14

15

---

16     [1] The court denies one aspect of Defendants' motion with prejudice—Defendants'
argument that collateral estoppel bars Mr. Sweeney's testimony.  (*See* Mot. at 9-10.)  The court

17   has reviewed the Washington Court of Appeals' opinion to which Defendants cite and finds that
it did not decide the issue of whether Mr. Sweeney's analysis was correct.  *See Shoemaker v.*

18   *City of Bremerton*, 745 P.2d 858, 860 (Wash. 1987) (requiring as an element of collateral
estoppel that the "identical issue[] . . . have been actually litigated and necessarily determined in

19   the prior action").  The opinion decided only that Mr. Sweeney's testimony at trial did not
warrant an attempted assault instruction.  *See Dasho*, 171 Wash. App. at *4-5.  Furthermore,

20   neither that opinion nor the jury's verdict finding Mr. Dasho guilty of assault necessarily
determined that Mr. Sweeney's opinions are incorrect.  As such, Mr. Sweeney is not collaterally

21   estopped from testifying in this case.  *See Shoemaker*, 745 P.2d at 860.

22     [2] As discussed below, Defendants will have an opportunity to depose Mr. Van Blaricom
as well.

ORDER- 7

1   **B.     Mr. Van Blaricom**

2        Mr. Van Blaricom intends to testify about police practices.  (*See* Resp. at 10; Disc.

3   of Expert Wit. at 3.)  In response to the instant motion, Mr. Dasho has assured the court

4   that Mr. Van Blaricom will not offer legal conclusions or an opinion on the validity of

5   Mr. Sweeney's forensic conclusions.  (Resp. at 10.)  Instead, Mr. Blaricom will "provide

6   education to the jury on general principles . . . [and] offer an opinion based upon a

7   hypothetical question."  (*Id.*)  However, Mr. Dasho has not made clear the particular

8   principles about which Mr. Van Blaricom will testify.  Nor has Mr. Dasho disclosed the

9   hypothetical question or questions that he will pose to Mr. Van Blaricom, or the opinion

10  that Mr. Van Blaricom will offer in response to those questions.

11       As Defendants point out, Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires a

12  "complete statement of all opinions the witness will express and the basis and reasons for

13  them."  Fed. R. Civ. P. 26(a)(2)(B)(i).  Accordingly, the court denies Defendants' motion

14  with respect to Mr. Van Blaricom, but without prejudice, and orders Mr. Dasho to include

15  in his supplemental filing (a) the hypothetical question or questions that he intends to

16  pose to Mr. Van Blaricom, (b) the opinions that Mr. Van Blaricom will offer in response

17  to those questions, and (c) the principles about which Mr. Van Blaricom will testify, as

18  well as (d) any additional information needed to inform the court's Rule 702 analysis

19  regarding Mr. Van Blaricom.  The framework outlined above with respect to Mr.

20  Sweeney regarding deadlines, briefing, and the opportunity for a deposition shall likewise

21  apply to Mr. Van Blaricom.

22

### III.     CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to exclude expert witnesses (Dkt. # 39) but without prejudice to refiling after the parties supplement the record.  To that end, the court ORDERS as follows:

(1) Mr. Dasho shall submit a supplemental filing related to Mr. Sweeney and Mr. Van Blaricom by December 15, 2015.

(2) That filing shall contain a clear and detailed description of (a) Mr. Sweeney's methods, (b) why those methods are reliable in precisely reconstructing the scene of a shooting, and (c) how Mr. Sweeney applied those methods to the facts of this case.

(3) That filing shall also include a clear and detailed description of (a) the hypothetical question or questions that Mr. Dasho proposes to ask Mr. Van Blaricom, (b) the opinions that Mr. Van Blaricom will offer in response to those questions, (c) the principles about which Mr. Van Blaricom will testify, and (d) any further information needed to inform the court's Rule 702 analysis with respect to Mr. Van Blaricom.

(4) Defendants shall have until January 15, 2015, to depose Mr. Sweeney and Mr. Van Blaricom.

(5) If Defendants depose Mr. Sweeney or Mr. Van Blaricom, Defendants shall refile their motion to exclude within 10 days of their latest deposition.  If Defendants choose not to conduct a deposition, they shall refile their motion to exclude by January 26, 2010.

ORDER- 9

1   (6) The briefing schedule for Defendants' refiled motion to exclude shall be

2        governed by Local Civil Rule 7(d)(3)'s provisions for third Friday motions.

3   (7) If Mr. Dasho fails to provide a supplemental filing in accordance with this

4        order, the court will exclude sua sponte the testimony of the expert or experts

5        to whom that failure pertains.

6   (8) The Clerk shall RENOTE the pending motion for summary judgment (Dkt.

7        # 34) for April 13, 2015.

8   The court GRANTS Mr. Dasho's motion for leave to file a response after the filing

9   deadline (Dkt. # 51).[3]

10       Dated this 3rd day of November, 2014.

11

12

13   _____

     JAMES L. ROBART
14   United States District Judge

15

16

17

18

19

20

21   _____

22       [3] Defendants do not oppose this motion.  (Resp. to Mot. for Ext. (Dkt. # 54) at 1.)

ORDER- 10